IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA JOYCE FRANKLIN, | § | |
| TDCJ-CID NO.835060, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2227 |
| | § | |
| CAPRICE COSPER, | § | |
|     Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff Brenda Joyce Franklin, a state inmate, filed this complaint for violation of her civil rights under 42 U.S.C. § 1983 against Judge Caprice Cosper, of the 339th Criminal District Court of Harris County, Texas. (Docket Entry No.1). Plaintiff seeks monetary damages from Judge Cosper on grounds that the sentences Judge Cosper administered in cause number 783701 and cause number 700538 were illegal because they fell outside the punishment range for the criminal offenses for which plaintiff was convicted. Plaintiff contends that by such sentences she was punished twice in violation of the Double Jeopardy Clause. (*Id.*). She also claims that such punishment amounts to unprofessional malpractice. (*Id.*).

Plaintiff also seeks to proceed *in forma pauperis*. (Docket Entry No.3).

For the reasons that follow, the Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

DISCUSSION

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915(e)(2)(B).

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise her authority free from any apprehension as to any personal consequences she may face. *Mireles v. Waco,* 502 U.S. 9, 10 (1991). Judges, both federal and state, enjoy absolute judicial immunity from damages for judicial acts performed in judicial proceedings before them. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57.

In determining whether Judge Cosper's actions were within her jurisdiction and judicial in nature, this Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir. 1972). In this case Judge Cosper sentenced plaintiff in her role as a state judge. *Id.* Her actions were well within her jurisdictional powers. Judge Cosper, therefore, enjoys absolute judicial immunity from suit seeking monetary relief. Therefore, plaintiff's claims against Judge Cosper are not cognizable and must be dismissed.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. Plaintiff's application reflects that she is unable to pay the filing fee of $350.00. Therefore, the Court GRANTS plaintiff's application to proceed as a pauper and ORDERS the institution having custody of plaintiff to deduct twenty per cent (20%) of each deposit made to plaintiff's inmate trust fund

    account, when the account exceeds $10.00, and forward payments to the Court on a regular basis, until the filing fee obligation of $350.00 is paid in full.

  2. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

  3. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

The Clerk will provide copies of this Order to the parties.

Signed at Houston, Texas, on this 25th day of July, 2007.

                  */s/ Melinda Harmon*
                  MELINDA HARMON
                  UNITED STATES DISTRICT JUDGE